IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 1:26-cv-03385-SKC

JOEL ALEJANDRO RAMIREZ SALCEDO,

Petitioner,

v.

MARKWAYNE MULLIN, *et al.*,

Respondents.

---

**ORDER**

---

Before the Court is Petitioner Joel Alejandro Ramirez Salcedo's Application for Writ of Habeas Corpus (Dkt. 1). Petitioner was detained by ICE on March 26, 2026, during a routine traffic stop in Wyoming. Dkt. 1, ¶18. On April 7, 2026, Petitioner had a bond hearing. *Id.* ¶20. The immigration judge found Petitioner to be an "extreme flight risk" and denied bond on that basis. *Id.*; *see also* Dkt. 1-2, ECF p.45. On April 15, 2026,[1] Petitioner filed an Application for Writ of Habeas Corpus in this

[1] Petitioner makes much of the fact that in DHS's Motion for Summary Affirmance they incorrectly identified the date Petitioner failed to appear for a court hearing as December 17, 2007, when it actually occurred on December 15, 2017. Dkt. 1, ¶31. Yet in his Petition, Petitioner states he filed his Petition in *Ramirez I* on March 31, 2026. *Id.* ¶9. This is incorrect. Petitioner filed his Petition in *Ramirez I* on April 15, 2026. Although parties should be sure to submit accurate information to the Court in any

Court in which he argued his bond denial was arbitrary and the immigration judge failed to provide a meaningful individualized custody determination. *See Ramirez Salcedo v. Mullin*, Case No. 1:25-cv-01622-SKC (*Ramirez I*). This Court denied Mr. Ramirez Salcedo's Petition because he failed to exhaust his administrative remedies. *Ramirez I*, Dkt. 12, p.6.

In his new Petition, Mr. Ramirez Salcedo confirms he appealed the denial of bond to the Board of Immigration Appeals (BIA). Dkt. 1, ¶10. As a result of Petitioner's appeal, the immigration judge issued a written order regarding the decision to deny bond. Dkt. 1-2, ECF pp.47–49. The immigration judge stated:

> Respondent[2] provided numerous letters of support from family and friends and other documentary evidence of ties to community . . . However, the Court weighs the bond evidence against Respondent's documented commissions of failing to appear for Traffic Court. The Court finds Respondent has not met his burden to establish that he does not pose a risk of flight and therefore denies bond.

*Id.* at p.49. The BIA affirmed the immigration judge's decision without opinion. *Id.* at p.89.

Respondents filed a Response to the Petition (Dkt. 17), and Petitioner filed a Reply (Dkt. 18). This Court ordered the Parties to submit an audio recording or transcript from Petitioner's bond hearing, which was submitted by Petitioner on

filing, the Court will not ascribe more meaning to what in these examples appear to be only simple typos.

[2] In the immigration judge's order, "Respondent" refers to Mr. Ramirez Salcedo.

September 3, 2026. Dkt. 20. The Court has carefully considered the Petition, Response, Reply, evidence, and the governing law. For the reasons shared below, Petitioner's Application for Writ of Habeas Corpus is DENIED.

## ANALYSIS

Petitioner brings six claims for relief:[3] (1) violation of the Immigration and Nationality Act (INA); (2) violation of due process under the Fifth Amendment; (3) violation of 8 U.S.C. § 1226(a); (4) violation of the Administrative Procedure Act; (5) violation of the governing custody regulations, 8 C.F.R. §§ 1236.1, 1003.19; and (6) violation of the Fifth Amendment, the INA, and fundamental separation of powers principles.[4] All of Petitioner's claims arise from the same argument, that is, Petitioner was not provided with an "individualized custody determination." Dkt. 1, ¶58. Petitioner argues he did not receive an individualized custody determination because the immigration judge (1) relied on two minor traffic-related incidents in support of flight risk without considering the substantial contrary evidence, and (2)

[3] Petitioner asserts a sixth claim for relief, which he entitles: "Habeas Relief Is Necessary Because Petitioner's Detention Is Unlawful and No Adequate Remedy Exists." Dkt. 1, ¶¶73–80. This does not appear to be an actual claim for relief, but an argument as to why habeas relief is proper in this case. *See id.* Thus, the Court will not consider it as an independent claim for relief.

[4] This appears to be a catch-all claim for relief that rests on the same arguments Petitioner makes in his other claims. *See id.* ¶89 ("Whether viewed as a violation of substantive due process, procedural due process, ultra vires executive action, or an abuse of detention authority warranting habeas relief, Respondents' conduct cannot stand.").

did not consider the degree of Petitioner's flight risk or whether a bond amount could mitigate that risk. *Id.* He also argues the BIA's summary affirmance without a written opinion compounded the effect of the immigration judge's order and was in error because summary affirmance is only available where the result below is "clearly correct." *Id.*

Respondents argue this Court does not have jurisdiction because Petitioner seeks to relitigate the immigration judge's decision to deny bond. Dkt. 17, p.6. Under 8 U.S.C. § 1226(e), "[n]o court may set aside any action or decision by the Attorney General under this section regarding the detention of any [noncitizen] or the revocation or denial of bond or parole." Noncitizens are thus precluded from "challenging a discretionary judgment by the Attorney General or a decision that the Attorney General has made regarding his detention or release." *Jennings v. Rodriguez*, 583 U.S. 281, 295 (2018) (cleaned up). But Petitioner can challenge whether he received the due process to which he is entitled. *See Vital v. Baltazar*, No. 26-cv-01625-NYW, 2026 WL 2754170, at *2 (D. Colo. Sept. 17, 2026) (quoting *Velasco Lopez v. Decker*, 978 F.3d 842, 850 (2d Cir. 2020)). This Court's review of Petitioner's bond hearing, therefore, is "limited to whether it satisfied due process . . ." *Id.* (quoting *Trejo v. Bullock*, No. 3:26-cv-00047, 2026 WL 598391, at *2 (E.D. Tenn. Mar. 3, 2026)).

Petitioner argues he is not asking this Court to reweigh the evidence, but is instead seeking "to determine whether the Immigration Judge and the Board applied the correct legal framework at all – specifically, whether either of them ever made a

finding on the degree of Petitioner's flight risk, as opposed to its bare existence, or considered whether any bond amount or condition of release could mitigate that risk, as the Board's own precedent requires." Dkt. 18, p.5. To the extent Petitioner is challenging the process he was given, this Court can consider the issue.

"For a bond hearing to be fundamentally fair, any evidence relied upon by an IJ must be individualized and support a finding that continued detention is needed to prevent him from fleeing or harming the community." *Vital*, 2026 WL 2754170, at *3 (quoting *Green v. Lowe*, No. 4:26-cv-01009, 2026 WL 2569005, at *4 (M.D. Pa. Aug. 31, 2026)). According to *In re Guerra*, 21 I. & N. Dec. 37, 40 (B.I.A. 2006), immigration judges can consider a broad swath of "probative and specific" evidence and have discretion in deciding which factors to consider and how much weight to give them.

The immigration judge here considered Petitioner's failure to appear for certain traffic court hearings. Dkt. 1-2, p.49. She noted his evidence in support of bond, but found that, after weighing the evidence, he had not met his burden to establish he does not pose a risk of flight.[5] *Id.* And although the immigration judge did not explicitly mention the degree of risk or mitigation, "an immigration judge need not discuss every piece of evidence or spell out every last detail of her reasoning, so long as the logical underpinnings of the IJ's reasoning are clear from the record." *Vital*, 2026 WL 2754170, at *4 (internal quotations omitted); *see also Wang v.*

---

[5] In Reply, Petitioner specifies he does not contend "that the burden of proof was unconstitutionally allocated to Petitioner rather than Respondents." Dkt. 18, p.6.

*Baltazar*, No. 26-cv-04166-NYW, 2026 WL 2905324, at *3 (D. Colo. Sept. 28, 2026). The Court is satisfied in this case that the immigration judge's reasoning is clear from the record. For the same reasons, the Court concludes the BIA's decision to affirm the immigration judge's decision does not violate due process or any statute or regulation.

To the extent Petitioner argues the immigration judge erred by giving too much weight to his failure to appear in traffic court or failed to consider the evidence Petitioner provided in support of bond, the Court declines to reconsider how the immigration judge weighed the evidence. *See Vital*, 2026 WL 2754170, at *4.

* * *

For the reasons shared above, Petitioner's Application for Writ of Habeas Corpus (Dkt. 1) is DENIED.

The Clerk of Court SHALL enter judgment and close this case.

DATED: October 6, 2026

BY THE COURT:

S. Kato Crews
United States District Judge